**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRYANT EVANS, Plaintiff, | ) | |
| v. | ) | Case No. 4:25-cv-00652-SEP |
| UNKNOWN RICE, et al., Defendant. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion for Default Judgment as to Heaven Barton, Doc. [25]. For the reasons set forth below, the motion is denied, but Plaintiff may refile it according to the Court's instructions.

**FACTUAL BACKGROUND**

Plaintiff filed this action on May 7, 2025, alleging he was forced to fight another inmate while imprisoned at Potosi Correctional Center, bringing claims under the Eighth Amendment to the United States Constitution and 42 U.S.C. § 1983, as well as Missouri state law claims for battery, assault, conspiracy, and infliction of emotional distress. Doc. [1]. He seeks compensatory and punitive damages for alleged physical injuries including "bruising, swelling, and scratches" as well as ongoing psychological and emotional distress. *Id.* On November 2, 2025, Plaintiff filed an executed summons reflecting service upon Defendant Heaven Barton. Doc. [21]. To date, Barton has not appeared personally or through counsel or filed any response in this action. On January 20, 2025, this Court ordered Plaintiff to file motions for entry of default and default judgment. Doc. [22]. Plaintiff now requests that default judgment be entered against Defendant Barton and that the Court initiate the process to determine the amount of damages pursuant to Federal Rule of Civil Procedure 55(b)(2). Docs. [25], [26].

**LEGAL STANDARD**

After the Clerk enters a default, the well-pleaded allegations in the plaintiff's complaint are taken as true, except as to damages. *Gillispie v. Lawson*, 2023 WL 2187472 at *1 (E.D. Mo. Feb. 23, 2023) (citing *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010)). A party entitled to judgment by default has to prove the amount of damages to be awarded. *Oberstar v. Fed. Deposit Ins. Corp.*, 987 F.2d 494, 505 n.9 (8th Cir. 1993). That party must establish, with

reasonable certainty, the basis for an award of damages. *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818-19 (8th Cir. 2001) (affirming decision to not award damages where damages were "speculative and not proven by a fair preponderance of the evidence"). Courts can determine damages on the basis of affidavits and documentary evidence in the record that make the amount of damages "readily discernable." *Cutcliff v. Reuter*, 791 F.3d 875, 883 (8th Cir. 2015). "[G]eneric reference to evidentiary support for the damages" is insufficient. *Stephenson v. El-Batrawi*, 524 F.3d 907, 917 (8th Cir. 2008). "The necessity of an evidentiary hearing to determine a plaintiff's damages is committed to the sound discretion of the district court." *Cutcliff*, 791 F.3d at 882. A default judgment cannot be entered until the damages amount has been ascertained. *Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000).

## DISCUSSION

Plaintiff has not provided adequate evidence to determine damages. *See* Docs. [1], [26]. Plaintiff's motion for default judgment, Doc. [25], is therefore denied without prejudice to refiling a motion supported by affidavits, declarations, or other evidence establishing the amount of damages to which he is entitled on the facts of his complaint. *See Everyday Learning Corp.*, 242 F.3d at 818. The Court intends to decide the matter on Plaintiff's submissions and Defendant Barton's response, if any, and does not deem an evidentiary hearing or oral testimony necessary at this time. *See Stephenson*, 524 F.3d at 916.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment, Doc. [26], is **DENIED without prejudice.** Plaintiff shall have 30 days from the date of this Order to file an appropriate motion for default judgment, requesting a specific damages amount supported by all affidavits, documentation, and other evidence necessary for assessing damages, along with an appropriate proposed default judgment for entry by the Court. Any affidavits and declarations must be signed under penalty of perjury, and they and all other relevant materials must be filed with the motion. Extraneous and irrelevant material will not be considered.

Dated this 22nd day of September, 2026.



SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE